IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| JAMES ROBINSON,<br><br>               Plaintiff,<br><br>v.<br><br>ALLIED WASTE INDUSTRIES, INC.<br>D/B/A PRAIRIE WASTE SERVICE,<br><br>               Defendant, | Civil No: 3:04-CV-70029<br><br><br><br>RULING DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

      Plaintiff James Robinson ("Robinson") brings this action against his former employer, defendant Allied Waste Industries d/b/a Prairie Waste Service ("Prairie Waste"), alleging retaliatory discharge in violation of Iowa public policy. Originally, Robinson brought the claim in Iowa state court, claiming Prairie Waste violated Iowa public policy by discharging him after he suffered a work-related injury and filed a workers' compensation claim. Prairie Waste removed the action to this court on the basis of diversity jurisdiction. Prairie Waste's motion for summary judgment is now before the court. Robinson, of course, resists.

      Summary judgment is properly granted only when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Walsh v. United States, 31 F.3d 696, 698 (8th Cir. 1994). An issue is "genuine" if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).

Discharging an employee for filing a workers' compensation claim violates Iowa public policy. <u>Teachout v. Forest City Comm. Sch. Dist.</u>, 584 N.W.2d 296, 299 (Iowa 1998). "To recover damages under these circumstances, a plaintiff must establish (1) engagement in a protected activity, (2) adverse employment action, and (3) a causal connection between the two." <u>Id</u>. Prairie Waste challenges Robinson's showing of causation. To establish causation, a plaintiff must show that seeking workers' compensation benefits was a determinative factor in the employer's decision to take the adverse action. <u>Weinzetl v. Ruan Single Source Transp. Co.</u>, 587 N.W.2d 809, 811 (Iowa 1998).

Viewing the summary judgment record in the light most favorable to Robinson, I conclude that there are genuine issues of material fact. The evidence is sufficient to permit a reasonable jury to return a verdict for Robinson on his claim. Of course, whether the jury will return a verdict for Robinson remains to be seen.

The motion for summary judgment is **DENIED**.

Dated this 10th day of May, 2005.

_____
HAROLD D. VIETOR
Senior U.S. District Judge